UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STATION CASINOS, INCORPORATED, a Nevada Corporation,

    Plaintiff,

v.

SHINICHI FUJISAKI, an individual,

    Defendant.

02:06-CV-01486-LRH-PAL

ORDER

Presently before the court is plaintiff Station Casinos, Inc.'s ("Station Casinos") Motion for Reconsideration (# 8[1]).

**I. Background**

On December 8, 2006, this court issued an order (# 7) denying Station Casinos' *ex parte* motion for a temporary restraining order. In denying that motion, the court found that Station Casinos failed to show a likelihood of success on the mertis of its Anti-Cybersquatting Protection Act claim because it failed to show that defendant Shinichi Fujisaki ("Fujisaki") acted with a bad faith intent. Similarly, the court found that Station Casinos failed to demonstrate a likelihood of success on its trademark infringement and unfair competition claims. Station Casinos is currently

---

[1]Refers to the court's docket number.

seeking reconsideration of the court's December 8, 2006, Order, arguing that the court's decision was in error.

**II. Legal Standard**

"While Rule 59(e) [of the Federal Rules of Civil Procedure] permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Reconsideration of the district court's initial decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) clear error or manifest injustice. *Carrol*, 342 F.3d at 945; *School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

**III. Discussion**

**A. The Anti-Cybersquatting Protection Act**

A violation of Section 1125(d)(1)(A) of the Anti-Cybersquatting Protection Act requires both a bad faith intent along with registering, trafficking in, or using a domain name that is identical or confusingly similar to a distinctive mark or is identical or confusingly similar to or dilutive of a famous mark. 15 U.S.C. § 1125(d)(1)(A). In its motion for reconsideration, Station Casinos argues that Fujisaki's actions in registering the domain names at issue were deliberate and show a bad faith intent to profit from Station Casinos' marks. In making this argument, Station Casinos does not present any newly discovered evidence or an intervening change in controlling law. In addition, the court finds that Station Casinos has not shown clear error or manifest injustice. At this stage in the proceedings, the evidence presented is insufficient for the court to

find that Fujisaki acted with bad faith.

### B. Trademark Infringement and Unfair Competition

In seeking reconsideration of the court's decision with respect to its trademark infringement and unfair competition claims, Station Casinos has not presented any newly discovered evidence, identified an intervening change in controlling law, or shown clear error or manifest injustice. First, Station Casinos suggests that the court erred in that it should have analyzed its trademark infringement claim pursuant to the three factors analyzed by the Ninth Circuit in *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 200). In its December 8, 2006, Order, the court analyzed Station Casinos' trademark infringement claim pursuant to the eight-factor test set forth by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). In *GoTo.com*, the Ninth Circuit noted the eight-factor *Sleekcraft* test and found that, in the context of the Web, the most important factors are the similarity of the marks, the relatedness of the goods or services, and the simultaneous use of the Web as a marketing channel. 202 F.3d at 1205. In other words, the court in *GoTo.com* did not set forth an alternative three-factor test to be applied in the context of Internet infringement actions. Rather, the *GoTo.com* court found three of the traditional *Sleekcraft* factors more important in the context of an Internet infringement action. *Id.* Thus, the court finds no error in analyzing the case at bar pursuant to the eight-factor test announced in *Sleekcraft Boats*.

In analyzing the *Sleekcraft* factors, the court found that Station Casinos failed to show a likelihood of confusion. The court has carefully reviewed Station Casinos' points and authorities and finds no clear error or manifest injustice in its December 8, 2006, decision. The court notes, however, that the likelihood of confusion inquiry is inherently factual and usually requires a full record. *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 902 (9th Cir. 2002); *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1265 (9th Cir. 2001). Based on the limited record before the court, the court cannot find that Station Casinos has demonstrated a likelihood of success on the

3

1  merits.

2  IT IS THEREFORE ORDERED that Station Casinos' Motion for Reconsideration (# 8) is hereby DENIED.

4  IT IS SO ORDERED.

5  DATED this 22nd day of January, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4